**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**SAN ANTONIO DIVISION**

| | | |
|---|---|---|
| **ELLERY CARTER, SID #681667** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | **SA-22-CV-00312-XR** |
| **v.** | § | |
| | § | |
| **BEXAR COUNTY SHERIFFS OFF.** | § | |
| **PERSONNEL ADMIN. SERGEANT** | § | |
| **ABRAHAM, ET AL.,** | § | |
| | § | |
| **Defendants.** | § | |

**ORDER OF DISMISSAL**

Before the Court is *pro se* Plaintiff Ellery Carter's ("Carter") 42 U.S.C. § 1983 Civil Rights

Complaint. ECF No. 1. Carter is proceeding *in forma pauperis* ("IFP"). ECF Nos. 4, 5. On April

18, 2022, the Court ordered Carter to show cause, on or before May 17, 2022, why his claims

should not be dismissed for want of jurisdiction, for failure to state a claim upon which relief may

be granted, and for improperly seeking relief in the form of a request for release. ECF No. 6; *see*

U.S. CONST. amend. XI; 28 U.S.C. §§ 1915(e)(2)(B)(ii), 1915A(b)(1); 28 U.S.C. § 2241. Carter

was specifically advised that if he failed to comply, his Complaint could be dismissed for failure

to prosecute and failure to comply with the Show Cause Order. ECF No. 6; *see* FED. R. CIV. P.

41(b). To date, Carter has not responded to the Court's Show Cause Order. Therefore, to the extent

Carter has sued state officials in their official capacities for monetary damages the Court orders

such claims **DISMISSED FOR WANT OF JURISDICTION**. ECF No. 1; *see* U.S. CONST.

amend. XI. The Court orders Carter's remining claims **DISMISSED WITH PREJUDICE** for

failure to state a claim upon which relief may be granted. ECF No. 1; *see* 28 U.S.C. §§

1915(e)(2)(B)(ii), 1915A(b)(1). Further, to the extent he seeks the remedy of release, the Court

orders Carter's Complaint **DISMISSED WITHOUT PREJUDICE**. *See* 28 U.S.C. § 2241. Finally, the Court orders Carter's Complaint **DISMISSED WITHOUT PREJUDICE** for failure to prosecute and failure to comply with the Court's Show Cause Order. ECF Nos. 1, 6; *see* FED. R. CIV. P. 41(b).

<h3 align="center">BACKGROUND</h3>

While confined, Carter filed this § 1983 civil rights action against, as best the Court can discern: (1) Bexar County Sheriff[']s Office Personnel Administrator Sergeant F/N/U Abraham ("Abraham"); (2) RCHS Catholic Church, which the Court interprets as the Catholic Church; (3) "Researchers & Providers"; (4) "Scove Keefe Edge Commissary Inmate Programs Network Kiosk" ("the Kiosk"); (5) Aramark Foods; (6) Selrico Deliveries; (7) "Mailroom (Legal/Certified Mail) of BC – SAPD (Sheriffs, SERT, Parks & Rec.)" ("the Mailroom"); (8) University Hospital and Health Services; (9) "Bexar County –SAPD Sheriffs, SERT, Parks & Rec."; (10) "Electorial" Sheriff, which the Court interprets as Bexar County Sheriff Javier Salazar ("the Sheriff"); (11) Mayor [of] San Antonio; (12) Governor Abbott; (13) "U.S. Texas State Representatives"; (14) "U.S. Texas State Senate"; (15) U.S. Congress; and (16) U.S. President Biden. (ECF No. 1). After naming each Defendant, Carter lists a litany of constitutional amendments and federal statutes. *Id.* Under "Claim," Carter contends he failed to receive parcels allegedly sent to him through the mail and private delivery services. *Id.* Other than the reference to parcels he allegedly failed to receive, it is impossible for the Court to discern Carter's allegations. As relief for his § 1983 claims, Carter seeks the return of the lost parcels and "immediate release and expulsion from whatever this is." *Id.*

**APPLICABLE LAW**

Under § 1915A(b)(1) of Title 28 of the United States Code, this Court is required to screen any civil complaint in which a prisoner seeks relief against a government entity, officer, or employee and dismiss the complaint if the court determines it is frivolous, malicious, or fails to state a claim on which relief may be granted. 28 U.S.C. § 1915A(b)(1); *see also* 28 U.S.C. § 1915(e)(2)(B) (directing court to dismiss case filed IFP if it is determined that action is (i) frivolous or malicious, or (ii) fails to state claim on which relief may be granted). Such a dismissal may occur at any time, before or after service of process and before or after a defendant files an answer. *Shanklin v. Fernald*, 539 F. Supp.2d 878, 882 (W.D. Tex. 2008) (citing *Green v. McKaskle*, 788 F.2d 1116, 1119 (5th Cir. 1986)).

An action is frivolous where there is no arguable legal or factual basis for the claim. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). "A complaint lacks an arguable basis in law if it is based on an indisputably meritless legal theory, such as if the complaint alleges a violation of a legal interest which clearly does not exist." *Harper v. Showers*, 174 F.3d 716, 718 (5th Cir. 1999) (internal quotation and citation omitted). A complaint is factually frivolous when "the facts alleged are 'fantastic or delusional scenarios' or the legal theory upon which a complaint relies is 'indisputably meritless.'" *Eason v. Thaler*, 14 F.3d 8, n.5 (5th Cir. 1994) (quoting *Neitzke*, 490 U.S. at 327–28).

In evaluating whether a complaint states a claim under §§ 1915A(b)(1) and 1915(e)(2)(B), this Court applies the same standards governing dismissals pursuant to Rule 12(b)(6). *See DeMoss v. Crain*, 636 F.3d 145, 152 (5th Cir. 2011); *see also* FED. R. CIV. P. 12(b)(6). To avoid dismissal under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, 'to state

3

a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555–56, 570 (2007)); *see* FED. R. CIV. P. 12(b)(6). These factual allegations need not be detailed but "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555.

When reviewing a *pro se* plaintiff's complaint, the court must construe the allegations liberally, holding the *pro se* to less stringent pleading standards than those applicable to lawyers. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97,106 (1976)); *see Haines v. Kerner*, 404 U.S. 519 , 520–21(1972). However, a plaintiff's *pro se* status does not offer him "an impenetrable shield, for one acting *pro se* has no license to harass others, clog the judicial machinery with meritless litigation and abuse already overloaded court dockets." *Farguson v. MBank Houston, N.A.*, 808 F.2d 358, 359 (5th Cir. 1986).

## ANALYSIS

### A. *Rule 8 — Vague, Illegible Allegations — All Defendants*

Carter's Complaint is nearly illegible and generally indecipherable. *See* ECF No. 1. It is impossible to determine exactly who he is suing, what unconstitutional acts or omissions were allegedly committed, what constitutional provisions were allegedly violated, and what harm Carter allegedly suffered. *See id.*

To state a claim pursuant to Rule 8(a) of the Federal Rules of Civil Procedure, a plaintiff's allegations must present "enough facts to state a claim to relief that is plausible on its face," which means that "[f]actual allegations must be enough to raise a right to relief above the speculative level;" "labels and conclusions … will not do." *Twombly*, 550 U.S. at 555–56, 570; *see* FED. R. CIV. P. 8(a) (stating pleadings must contain "a short and plain statement of the claim

showing that the pleader is entitled to relief[.]"). Under the notice pleading requirement for a federal lawsuit, Carter is required, among other things, to: (1) state with particularity the acts or omissions committed by those he claims caused him damage; and (2) identify the constitutional provisions allegedly violated by those acts or omissions. *See* FED. R. CIV. P. 8(a).

Carter has failed to comply with Rule 8, and therefore, has failed to provide sufficient facts to state a viable § 1983 claim against any of the Defendants. *See* FED. R. CIV. P. 8(a). Given the inadequate pleading, Carter's claims are subject to dismissal for failure to state a claim upon which relief may be granted. *See* 28 U.S.C. §§ 1915(e)(2)(B)(ii), 1915A(b)(1).

**B. 11th Amendment — Governor Abbott, U.S. Texas State Representatives, U.S. Texas State Senate**

The Eleventh Amendment bars suits by private citizens against a state in federal court. *Union Pac. R. Co. v. La. Pub. Serv. Comm'n*, 662 F.3d 336, 340 (5th Cir. 2011); *K.P. v. Leblanc*, 627 F.3d 115, 124 (5th Cir. 2010) (citing *Hutto v. Finney*, 437 U.S. 678, 700 (1978)); *see* U.S. CONST. amend. XI ("The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State."). Federal claims against state employees in their official capacities are the equivalent of suits against the state. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989); *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690 n.55 (1978). The bar of the Eleventh Amendment is in effect when state officials are sued for monetary damages in their official capacities. *Kentucky v. Graham*, 473 U.S. 159, 169 (1985); *Cory v. White*, 457 U.S. 85, 90, (1982). This is so because "a judgment against a public servant 'in his official capacity' imposes liability on the entity that he represents." *Graham*, 473 U.S. at 169 (quoting *Brandon v. Holt*, 469 U.S. 464, 471 (1985)).

With respect to § 1983 claims, the Supreme Court has held a state is not considered a "person" within the meaning of the statute. *Will*, 491 U.S. at 64. Accordingly, although state officials literally are persons, if sued in their official capacities they are not deemed "persons" for purposes of § 1983. *Id.* at 71. In other words, a suit against an official in his or her official capacity is not a suit against the official, but rather is a suit against the official's office. *Id.*; *Brandon*, 469 U.S. at 471. As a suit against the official's office, it is no different from a suit against the state itself. *Will*, 491 U.S. at 71 (citing *Graham*, 473 U.S. at 165–66; *Monell*, 436 U.S. at 690 n.55). Thus, § 1983 suits brought against state officials in their official capacities for monetary damages or for retrospective relief are, likewise, barred under the Eleventh Amendment. *See id.*

To begin, for purposes of this portion of the analysis, the Court will assume that by naming as Defendants "U.S. Texas State Representatives" and "U.S. Texas State Senate," Carter is referring to the representatives and senators serving in the Texas Legislature. ECF No. 1. Based on that assumption, the state representatives and senators, as well as Governor Abbott, are state officials. Thus, Carter's claims against these Defendants in their official capacities for monetary damages or other retrospective relief are subject to dismissal for want of jurisdiction based on sovereign immunity. *See Will*, 491 U.S. at 71; *see also* U.S. CONST. amend. XI.

### C. *Non–State Actors — RCHS Catholic Church, the Kiosk, the Mailroom, Aramark Foods, Selrico Delivers*

There are two essential elements to a § 1983 action: (1) the conduct of which the plaintiff complains must be committed by a person acting under color of state law; and (2) the conduct complained of must deprive the plaintiff of a right secured by the Constitution or federal statute. *Moody v. Farrell*, 868 F.3d 348, 351 (5th Cir. 2017); *Whitley v. Hanna*, 726 F.3d 631, 638 (5th Cir. 2013), *cert. denied*, 572 U.S. 1087 (2014). In other words, a defendant named in a § 1983

6

action must be a state actor. *See Moody*, 868 F.3d at 351; *see also Cruz v. Hopper*, 73 F. App'x 62, 63 (5th Cir. 2003).

1. *The Catholic Church*

Section 1983 was promulgated to prevent "… [a government official's] [m]isuse of power, possessed by virtue of state law and made possible only because the [official] is clothed with the authority of state law. *Johnson v. Lucas*, 786 F.2d 1254, 1257 (5th Cir. 1986). Private entities, such as churches, "[are] not clothed with the authority of law to act on behalf of the state, and as such, [they are] not subject to suit under § 1983." *Reid v. Pope Benedict XVI*, No. CC-07-433, 2008 WL 179268, at *2 (S.D. Tex. Jan. 18, 2008) (citing *Priester v. Lowndes Cnty.*, 354 F.3d 414, 420 (5th Cir. 2004)). In *Reid*, the district court held the plaintiff could not maintain a § 1983 action against the Catholic Church, the Pope, two Cardinals, or two Dioceses because they were non-state actors. *Id.* The claims were dismissed for failure to state a claim and as frivolous. *Id.*

Based on the foregoing, the Court finds the Catholic Church is not amenable to suit under § 1983. *See Priester*, 354 F.3d at 420. Thus, as to this Defendant, Carter has failed to state a claim upon which relief may be granted. *See* 28 U.S.C. §§ 1915(e)(2)(B)(ii), 1915A(b)(1).

2. *The Kiosk and the Mailroom*

The Court finds § 1983 claims against inanimate objects or places such as a kiosk and a mailroom analogous to claims against a building. Courts have determined buildings are not "persons" for purposes of § 1983 and therefore, are not state actors subject to suit under § 1983. *See, e.g.*, *Miller v. Hartwood*, 689 F.2d 1239, 1242 (5th Cir. 1983) (holding plaintiffs could not pursue § 1983 claims against apartment complex because it is not state actor); *Richardson v. Jackson Cnty. ADC*, 1:21-CV-110-LG-RPM, 2021 WL 5510246, at *1 (S.D. Miss. Nov. 24, 2021)

(holding detention center is not "person" subject to suit under § 1983); *Denson v. Terrebonne Parish Sheriff's Dep't*, No. 20-2708, 2020 WL 12604683 (E.D. La. Nov. 6, 2020) (holding correctional facility is not "person" within meaning of § 1983 as it is building and not entity or person capable of being sued as such); *Williams v. Candletree Apartments*, No. 4:14-CV-377-A, 2014 WL 3964715, at *2 (N.D. Tex. Aug. 13, 2014) (dismissing § 1983 claims against two apartment buildings because neither is state actor). Similarly, neither a kiosk nor a mailroom is a "person" subject to suit under § 1983. Thus, as to these Defendants, Carter has failed to state a claim upon which relief may be granted. *See* 28 U.S.C. §§ 1915(e)(2)(B)(ii), 1915A(b)(1).

3. *Aramark Foods and Selrico Deliveries*

For a private actor or entity to be held liable under § 1983, their challenged conduct must be "fairly attributable to the State." *Bass v. Parkwood Hosp.*, 180 F.3d 234, 241 (5th Cir.1999) (citation omitted). This means "the plaintiff must show: (1) that the deprivation was caused by the exercise of some right or privilege created by the state or by a rule of conduct imposed by the state, or by a person for whom the state is responsible, and (2) that the party charged with the deprivation may fairly be said to be a state actor." *Priester v. Lowndes County*, 354 F.3d 414, 423 (5th Cir. 2004) A plaintiff can make such a showing only by demonstrating that "the private citizen was a willful participant in joint activity with the State or its agents." *Id.* at 420 (internal quotation marks omitted) (quoting *Cinel v. Connick*, 15 F.3d 1338, 1343 (5th Cir.1994)). However, State action will not accrue merely because of government acquiescence or approval of the private entity's actions. *Id.* at 423.

Defendants Aramark Foods and Selrico Deliveries are private entities. As non-state actors, they are not subject to suit in the absence of a showing that they were "willful participant[s] in

joint activity with the State or its agents." *Id.* at 420. Carter made no such showing. *See* ECF No. 1. Thus, as to Aramark Foods and Selrico Deliveries, Carter has failed to state a claim upon which relief may be granted. *See* 28 U.S.C. §§ 1915(e)(2)(B)(ii), 1915A(b)(1).

### D.  *No Personal Involvement — Abraham, the Sheriff, the Mayor, Governor Abbott, U.S. Texas State Representatives, U.S. Texas State Senate*

As for his claims against Defendants Abraham, the Sheriff, the Mayor, Governor Abbott, U.S. Texas State Representatives, U.S. Texas State Senate—and again assuming for the purpose of this portion of the analysis that the Defendants described by Carter as "U.S. Texas State Representatives" and "U.S. Texas State Senate" is a reference to the representatives and senators serving in the Texas Legislature—Carter has failed to allege any personal involvement by these Defendants. *See* ECF No. 1. To state a viable § 1983 claim, a plaintiff must allege the defendant was personally involved in the actions complained of or is responsible for the policy or custom giving rise to the alleged constitutional deprivation. *See Alderson v. Concordia Par. Corr. Facility*, 848 F.3d 415, 420 (5th Cir. 2017) (holding that officials are not vicariously liable for conduct of those under their supervision; accountable only for their own acts or implementing unconstitutional policies resulting in constitutional deprivations); *Jones v. Lowndes County*, 678 F.3d 344, 349 (5th Cir. 2012) ("A Section 1983 claimant must 'establish that the defendant was either personally involved in the deprivation or that his wrongful actions were causally connected to the deprivation.'").

Carter does not contend these Defendants were personally involved in any alleged constitutional violation or that they were responsible for a policy or custom that gave rise to any alleged constitutional deprivation. ECF No. 1. In the absence of such allegations, Carter has failed to state a claim upon which relief may be granted. *See Alderson*, 848 F.3d at 420; 28 U.S.C. §§

1915(e)(2)(B)(ii), 1915A(b)(1).

### E.  *No Policy or Custom — University Hospital and Health Services, Bexar County*

#### 1.  *University Hospital and Health Services*

The Court assumes that by naming of University Hospital and Health Services as a defendant, Carter intended to bring § 1983 claims against University Health Systems ("UHS"), which provides healthcare for Bexar County inmates. The Bexar County Hospital District ("BCHD") was created under Texas statutory and constitutional authority; it does business as several health care entities, including UHS. *See Aguiar v. Whiteley*, No. SA-15-CV-14-DAE, 2016 WL 502199, at *1 (W.D. Tex. Feb. 8, 2016); *see also* TEX. CONST. art. IX, § 4; TEX. HEALTH & SAFETY CODE ANN. §§ 281.001–.124; https://www.universityhealthsystem.com/about-us (last visited June 3, 2022). The BCHD and the entities under which it does business are separate local governmental entities and political subdivisions of the State of Texas. *See* https://www.universityhealthsystem.com/about-us.

To recover under § 1983 from a local governmental entity, such as UHS, Carter had to establish his constitutional rights were violated as a result of some official policy, practice or custom of UHS. *See Bd. of Cnty. Comm'rs Bryan Cnty. v. Brown*, 520 U.S. 397, 403–04 (1997); *Johnson v. Deep E. Tex. Reg'l Narcotics Trafficking Task Force*, 379 F.3d 293, 309 (5th Cir. 2004). In *Johnson*, the Fifth Circuit held that to establish municipal liability under § 1983, the plaintiff must show, among other things, that either the alleged policy or custom itself directed deprivation of federal rights or was itself unconstitutional, or the policy or custom was adopted or maintained by the municipality's policymakers with deliberate indifference to its known or obvious consequences. 379 F.3d at 309. A municipal policy is a policy statement, ordinance,

regulation, or decision that is officially adopted and promulgated by the municipality's lawmaking officers or by an official to whom that authority has been delegated. *Id.* An official custom or practice is a persistent, widespread practice of the municipalities officials or employees that, although not officially adopted or promulgated, is so common as to constitute a custom that fairly represents policy. *Bishop v. Arcuri*, 674 F.3d 456, 467 (5th Cir. 2012). Actual or constructive knowledge of the custom must be attributable to the municipalities governing body or to the official to whom policy-making authority has been delegated. *Id.* Only deliberate conduct by a municipality that actually causes an injury is compensable under § 1983. *Brown*, 520 U.S. at 404–05. Thus, a municipal policy or custom must be a deliberate and conscious choice by a municipal policymaker. *City of Canton v. Harris*, 489 U.S. 378, 389 (1989). In sum, to establish municipal liability, a plaintiff such as Carter must show: (1) an official policy or custom, (2) promulgated by an official policymaker, (3) that was the moving force behind the violation of a constitutional right, and (4) resulting in injury. *See Peterson v. City of Fort Worth*, 588 F.3d 838, 847 (5th Cir. 2009).

Carter has not alleged a policy or custom in accordance with the foregoing authorities. ECF No. 1. Thus, he has failed to state a claim upon which relief may be granted. *See* 28 U.S.C. §§ 1915(e)(2)(B)(ii), 1915A(b)(1).

Moreover, Carter's claims against UHS run afoul of the well-settled principle that vicarious liability does not apply to § 1983 claims. *See Collins v. City of Harker Heights*, 503 U.S. 115, 122 (1992). Carter has not alleged any unconstitutional acts by specific UHS employees, negating any § 1983 claim against UHS. *See id.*

2.  *Bexar County*

To the extent Carter intends to allege claims against Bexar County by suing the Sheriff, UHS, or other Bexar County officials, he has failed to allege the existence of a policy or custom by the County that caused his alleged constitutional violations. ECF No. 1. As set out above, to establish liability on the part of a county or municipality, a plaintiff must demonstrate a policy or custom that caused the alleged constitutional deprivation. *Brown*, 520 U.S. at 403–04; *Monell*, 436 U.S. at 690–91 (1978). Because Carter has failed to include allegations regarding the existence of a policy or custom by Bexar County that caused the deprivation of his constitutional rights as alleged in his Complaint, he has failed to state a claim upon which relief may be granted. *See* 28 U.S.C. §§ 1915(e)(2)(B)(ii), 1915A(b)(1).

**F.  Section 1983 Inapplicable to Federal Actors — U.S. Congress, U.S. President Biden, U.S. Texas State Representatives, U.S. Texas State Senate**

Because the Court cannot determine exactly who or what entity Carter intended to sue when he named "U.S. Texas State Representatives" and "U.S. Texas State Senate" as Defendants, the Court will assume for this portion of the analysis that he intended to sue Congressional representatives and senators from the State of Texas, as well as Congress and President Biden. However, the Court finds such claims are not viable in a § 1983 action.

By its very terms, § 1983 applies to state, not federal actors. 42 U.S.C. § 1983. To state a claim under § 1983, the plaintiff must allege a person acting under the color of *state* law, i.e., a state actor, deprived the plaintiff of a right secured by federal law or the Constitution. *Id.*; *Moody v. Farrell*, 868 F.3d 348, 351 (5th Cir. 2017); *Whitley v. Hanna*, 726 F.3d 631, 638 (5th Cir. 2013), *cert. denied*, 572 U.S. 1087 (2014). The President of the United States is not a state actor, nor is Congress or its individual members. Thus, they are not subject to claims brought pursuant to

12

§ 1983. Accordingly, as to these Defendants, Carter has failed to state a claim upon which relief may be granted. *See* 28 U.S.C. §§ 1915(e)(2)(B)(ii), 1915A(b)(1).

### G. *Improper Requests for Relief*

As stated above, Carter seeks the return of his parcels and "immediate release and expulsion from whatever this is" as relief for his § 1983 claims. ECF No. 1. This Court is unable to order the return of parcels that were, by Carter's own admission, lost. Thus, this is not a proper request for relief. And, to the extent he seeks release from confinement as a remedy for his § 1983 claims, such relief is likewise available.

As a pretrial detainee, Carter can seek release only by way of a writ of habeas corpus after exhaustion of his available state remedies. *See* 28 U.S.C. § 2241; *Montano v. Texas*, 867 F.3d 540, 542 (5th Cir. 2017), *cert. denied*, 140 S. Ct. 104 (2019). Although the text of § 2241 does not require exhaustion, federal courts have long held that a § 2241 petitioner must exhaust state court remedies before a federal court will entertain a challenge to state detention. *Id.* Under the exhaustion doctrine, state prisoners must exhaust all state remedies prior to seeking federal habeas corpus relief to give the State an opportunity to pass upon and correct any alleged violations of prisoners' federal rights. *Ries v. Quarterman*, 522 F.3d 517, 523 (5th Cir. 2008).

In Texas, to exhaust state remedies, a prisoner is required to present the substance of his claims to the Texas Court of Criminal Appeals by petition for discretionary review or application for writ of habeas corpus. *See Tigner v. Cockrell*, 264 F.3d 521, 526 (5th Cir. 2001). A petitioner is excused from the exhaustion requirement only if he can show exceptional circumstances of peculiar urgency. *Deters v. Collins*, 985 F.2d 789, 795 (5th Cir. 1993). A federal district court may take notice *sua sponte* of the lack of exhaustion. *Shute v. Texas*, 117 F.3d 233, 237 (5th Cir. 1997).

13

This Court declines to construe this matter as an application for habeas corpus relief pursuant to § 2241 because Carter has neither alleged nor shown that he has exhausted his state–court remedies nor has he shown exceptional circumstances of peculiar urgency. *See Montano*, 867 F.3d at 542; *Deters*, 985 F.2d at 795.

### H.  *Failure to Respond to Show Cause Order*

As set out above, this Court previously ordered Carter to show cause by May 17, 2022, why his Complaint should not be dismissed for the various reasons set out in the Show Cause Order. ECF No. 6. Carter has not filed an amended complaint or otherwise responded to this Court's Show Cause Order.

The Court has the inherent power under Rule 41(b) of the Federal Rules of Civil Procedure to dismiss a case *sua sponte* where necessary to achieve orderly, expeditious disposition of cases. FED. R. CIV. P. 41(b). Carter's failure to respond to this Court's Show Cause Order suggests he no longer desire to pursue this matter and subjects him to dismissal under Rule 41(b) of Federal Rules of Civil Procedure for failure to prosecute and failure to comply with an Order of this Court. *See id.*

### CONCLUSION

To the extent Carter has sued state officials in their official capacities for monetary damages, such claims are barred by the Eleventh Amendment. Carter's remaining claims are subject to dismissal for failure to state a claim upon which relief may be granted for the various reasons stated above. To the extent he seeks release, Carter's claims are subject to dismissal because he has neither alleged nor shown that he has exhausted his state-court remedies nor has

14

he shown exceptional circumstances of peculiar urgency. Finally, Carter's Complaint is subject to dismissal for failure to prosecute and failure to comply with this Court's Show Cause Order.

**IT IS THEREFORE ORDERED** that to the extent Carter has sued state officials in their official capacities for monetary damages, such 42 U.S.C. § 1983 claims (ECF No. 1) are **DISMISSED WITHOUT PREJUDICE FOR WANT OF JURISDICTION**. *See* U.S. CONST. amend. XI.

**IT IS FURTHER ORDERED** that Carter's remaining 42 U.S.C. § 1983 claims (ECF No. 1) are **DISMISSED WITH PREJUDICE** for failure to state a claim upon which relief may be granted. *See* 28 U.S.C. §§ 1915(e)(2)(B)(ii), 1915A(b)(1).

**IT IS FURTHER ORDERED** that to the extent he seeks release, Carter's 42 U.S.C. § 1983 claims (ECF No. 1) are **DISMISSED WITHOUT PREJUDICE** to the refiling of a 28 U.S.C. § 2241 Petition for Writ of Habeas Corpus in a proper venue after exhaustion of his state–court remedies. *See* 28 U.S.C. § 2241.

**IT IS FURTHER ORDERED** that Carter's 42 U.S.C. § 1983 Complaint (ECF No. 1) is **DISMISSED WITHOUT PREJUDICE FOR WANT OF PROSECUTION**. *See* FED. R. CIV. P. 41(b).

It is so **ORDERED**.

**SIGNED** this 3rd day of June, 2022.

XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE